ALAN E. SCHOENFELD (*pro hac vice* forthcoming)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

BENJAMIN J. YOOD (SBN 301688)
jamie.yood@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, DC 20037
Telephone: (202) 663-6695
Facsimile: (202) 663-6363

*Attorneys for Defendant*
*Uber Technologies, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Uber Technologies, Inc.,<br><br>　　　　　　　Defendant. | Case No. 3:25-cv-7731-SK<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF UBER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Hearing Date: March 9, 2026<br>Time: 9:30 a.m.<br>Place: Courtroom C – 15th Floor |

## I. INTRODUCTION

Under Federal Rule of Evidence 201, Defendant Uber Technologies, Inc. respectfully requests that the Court take judicial notice of the following documents, which are attached to the concurrently-filed Declaration of Benjamin J. Yood ("Yood Decl.").

- <u>Yood Decl., Exhibit 1:</u>  A true and correct copy of Uber's Service Animal and Assistive Device Policy, last revised February 3, 2025. This document is publicly available at https://tinyurl.com/2mekfe9f.

- <u>Yood Decl., Exhibit 2:</u>  A true and correct copy of Uber's Form 10-K, filed with the United States Securities and Exchange Commission on February 14, 2025. This document is publicly available at https://tinyurl.com/5hdtb9k2.

- <u>Yood Decl., Exhibit 3:</u>  A true and correct copy of a February 5, 2025 Uber press release titled "Uber Announces Results for Fourth Quarter and Full Year 2024." This document is publicly available at https://tinyurl.com/5hd26nwn.

- <u>Yood Decl., Exhibit 4:</u>  A true and correct copy of an April 2024 Bureau of Transportation Statistics Technical Report titled "Travel Patterns of Adults with Travel-Limiting Disabilities." This document is publicly available at https://tinyurl.com/e5e5t9f9.

- <u>Yood Decl., Exhibit 5:</u>  A true and correct copy of Uber's Cleaning Fees guide. This document is publicly available at https://tinyurl.com/5n6d82f5.

- <u>Yood Decl., Exhibit 6:</u>  A true and correct copy of the Settlement Agreement Under the Americans with Disabilities Act Between the United States of America and Lyft, Inc., entered into in June 2020. This document is publicly available at https://tinyurl.com/32x4eb2d.

## II. ARGUMENT

Federal Rule of Evidence 201 provides that a court may take judicial notice of a fact "not subject to reasonable dispute [and] … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice "at any stage of the proceeding," including in ruling on a motion to dismiss. Fed.

R. Evid. 201(f); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (stating that when ruling on a motion to dismiss a court must consider the complaint in its entirety, including documents incorporated into the complaint by reference and matters of which a court may take judicial notice). The Court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or (3) not subject to reasonable dispute. Fed. R. Evid. 201(b). Proper subjects of judicial notice on a motion to dismiss include "matters of public record" and publicly accessible websites. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010); *see also Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of website); *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 829 (N.D. Cal. 2021) (same); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (same).

As shown in the Yood Decl., Exhibits 1-6, cited in Defendant's motion, are all "matters of public record" and publicly accessible websites, not subject to reasonable dispute, and capable of accurate and ready determination. *See* Fed. R. Evid. 201(b); *Khoja*, 899 F.3d at 998. The Court can take judicial notice of matters in the public record. *Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 762 (C.D. Cal. 2015) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)); *see also In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) ("A court may take judicial notice of public filings when adjudicating a motion to dismiss a complaint for failure to state a claim upon which relief can be granted." (quoting *In re Calpine Sec. Litig.*, 288 F.Supp.2d 1054, 1076 (N.D. Cal. 2003)).

Exhibits 1 and 5, moreover, are policies referred to in the Complaint, *see Compl* ¶¶7, 73, 82, 283 (policies regarding disabled riders); *id.* ¶¶ 192-194, 230 (cleaning fees). These two policies are central to the government's claim that Uber's policies, practices, or procedures discriminate against riders with disabilities. *See Khoja*, 899 F.3d at 1002-1004 (courts can consider documents incorporated by reference in the complaint when the complaint "refers extensively" to it or it

"forms the basis of the plaintiff's claim[s]" (citation omitted)); *Smith v. Google, LLC*, 735 F. Supp. 3d 1188, 1194-1195 (N.D. Cal. 2024) (taking judicial notice of defendant's policies posted on public website and referenced in complaint). Each policy is publicly available on Uber's website. The Court, therefore, can properly consider the contents of these policies on the motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court take judicial notice of Exhibits 1-6 of the Declaration of Benjamin J. Yood in support of Uber Technologies, Inc.'s Notice of Motion and Motion to Dismiss.

Dated: January 23, 2026

Respectfully submitted,

*/s/ Benjamin J. Yood*
Benjamin J. Yood (SBN 301688)
jamie.yood@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, DC 20037
Telephone: (202) 663-6695
Facsimile: (202) 663-6363

Alan E. Schoenfeld (*pro hac vice* forthcoming)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

*Attorneys for Defendant*
*Uber Technologies, Inc.*