UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 25-cv-07731-SK<br><br>**ORDER ON MOTION TO DISMISS**<br>Regarding Docket No. 17 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendant Uber Technologies, Inc. ("Uber"). Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby DENIES Uber's motion for the reasons set forth below.[1]

**BACKGROUND**

Plaintiff the United States of America ("United States") filed this action against Uber under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-89 on the grounds that Uber discriminates against people with disabilities when they use Uber's transportation services. (Dkt. No. 1.) The United States alleges that Uber and its drivers routinely discriminate against persons with disabilities, including by refusing to serve individuals who travel with service animals or use stowable wheelchairs, charging impermissible surcharges, and refusing to modify its policies, practices or procedures to avoid discriminating against riders with disabilities. (*Id*. at ¶¶ 4-9.)

---

[1] The Court DENIES Uber's request for judicial notice pursuant to Federal Rule of Evidence 201. (Dkt. No. 17-2.) Even if it were proper for the Court to take judicial notice of the fact that these are the documents that Uber states they are, Uber relies on the facts contained within these documents. The Court cannot take judicial notice of the truth of the content of these documents and, thus, did not consider them in deciding this motion to dismiss.

1    The United States alleges that Uber operates a transportation system that connects drivers

2  with riders. (*Id.* at ¶ 31.) The United States further alleges that Uber determines what towns,

3  cities, and regions in which it operates and controls the vehicle specifications, the driving training

4  requirements, the driver qualifications, the driver incentive programs, the driver behavior

5  expectations, the location tracking, the general ride experience for each trip, and the pricing

6  structure for each trip, including when fees may be charged for cleaning or ride cancellations. (*Id.*

7  at ¶¶ 32, 34.) The United States specifies additional ways that Uber controls its transportation

8  system. (*Id.* at ¶¶ 35-43.) The Court accepts these allegations as true for purposes of this motion

9  to dismiss.

10                                          **ANALYSIS**

11   **A.    Applicable Legal Standard on Motion to Dismiss.**

12    A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

13  pleadings fail to state a claim upon which relief can be granted. On a motion to dismiss under

14  Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to

15  the non-moving party and takes as true all material allegations in the complaint. *Sanders v.*

16  *Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule

17  8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

18  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

19  will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*,

20  478 U.S. 265, 286 (1986)). Rather, a plaintiff must instead allege "enough facts to state a claim to

21  relief that is plausible on its face." *Id.* at 570.

22    "The plausibility standard is not akin to a probability requirement, but it asks for more than

23  a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that

24  are merely consistent with a defendant's liability, it stops short of the line between possibility and

25  plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

26  *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to

27  state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g.*

28  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N.*

United States District Court
Northern District of California

1    *Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

2    As a general rule, "a district court may not consider material beyond the pleadings in ruling

3    on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on*

4    *other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted).

5    However, documents subject to judicial notice, such as matters of public record, may be

6    considered on a motion to dismiss. *See Harris v. Cnty of Orange*, 682 F.3d 1126, 1132 (9th Cir.

7    2011). In doing so, the Court does not convert a motion to dismiss to one for summary judgment.

8    *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other*

9    *grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The court need

10    not . . . accept as true allegations that contradict matters properly subject to judicial notice . . . ."

11    *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001).

12    **B.      Uber's Motion to Dismiss.**

13    The United States may bring a claim under the ADA if it can show "a pattern or practice of

14    discrimination" or discrimination that "raises an issue of general public importance." 42 U.S.C. §

15    12188(b)(1)(B). Uber moves to dismiss The United States' claim under Title III of the ADA on

16    three separate grounds. The Court will address each ground in turn.

17    **1.      Primarily Engaged in the Business of Transporting People.**

18    Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of

19    disability in the full and equal enjoyment of specified public transportation services provided by a

20    private entity that is primarily engaged in the business of transporting people and whose

21    operations affect commerce." 42 U.S.C. § 12184(a). Uber argues that it does not primarily

22    engage in the business of transporting people because it is merely "a technology company that

23    develops and operates smartphone apps that connect users with other users offering different

24    services: food, delivery, freight shipping, and rides." (Dkt. No. 17 (Mot.) at p. 6.) All courts that

25    have considered this issue have soundly rejected this argument. *See People v. Uber Techs., Inc.*,

26    56 Cal. App. 5th 266, 292 (2020) ("A number of cases have considered contentions that ride-

27    sharing companies such as Lyft and Uber are in the business solely of creating technological

28    platforms, not of transporting passengers, and have dismissed them out of hand.") (citing cases);

United States District Court
Northern District of California

1    *see also Equal Rts. Ctr. v. Uber Techs., Inc.*, 525 F. Supp. 3d 62, 84 (D.D.C. 2021) (finding

2    plaintiff "plausibly alleged that Uber is 'primarily engaged in the business of transporting

3    people[.]'"); *Namisnak v. Uber Technologies, Inc.*, 444 F. Supp. 3d 1136, 1143 (N.D. Cal. 2020)

4    ("Uber's claim that it is 'not a transportation company' strains credulity, given the company

5    *advertises itself* as a 'transportation system'".) (emphasis in original); *O'Connor v. Uber Techs.,*

6    *Inc.*, 82 F. Supp. 3d 1133, 1141-43 (N.D. Cal. 2015) (finding Uber's argument that it is merely a

7    technological intermediary between potential riders and potential drivers "fatally flawed in

8    numerous respects."); *Crawford v. Uber Techs., Inc.*, 2021 WL 3810259, at *3-6 (N.D. Cal. Aug.

9    26, 2021) (finding no reasonable juror could find that Uber was not primarily engaged in the

10   business of transporting people); *Crawford v. Uber Techs., Inc.*, 2018 WL 1116725, at *3-4 (N.D.

11   Cal. Mar. 1, 2018) (denying Uber's motion to dismiss because plaintiffs "plausibly alleged that

12   Uber is 'primarily engaged in the business of transporting people' within the meaning of Section

13   12184). The Court has reviewed these cases and finds that their reasoning is persuasive.

14         To counter this authority, Uber cites to several cases considering the application of

15   different statutes to different companies offering different services. In other words, Uber cites to

16   inapplicable authority. *See Village of Bedford Park v. Expedia, Inc.*, 876 F.3d 296, 303-06 (7th

17   Cir. 2017); *Turo Inc. v. Superior Court of City & County of San Francisco*, 80 Cal. App. 5th 517,

18   522-27 (2022); *State v. Priceline.com, Inc.*, 172 N.H. 28, 34-38 (2019). In *Village of Bedford*

19   *Park*, the court examined whether online travel agencies improperly withheld money owed to

20   municipalities under local hotel tax ordinances and determined that the travel agencies did not

21   own, operate, or manage the hotel rooms as required by the local ordinances and did not engage in

22   the business of renting rooms that they did not own. *Village of Bedford Park*, 876 F.3d at 303-06.

23   In *Turo*, the court determined that Turo was not a car rental company under California

24   Government Code section 50474.1(a) because it determined that this statute required a car rental

25   company to own or control the vehicles rented and Turo did not. *Turo*, 80 Cal. App. 5th at 522-

26   27. In *Priceline.com*, the court determined that online travel agencies did not violate the New

27   Hampshire meals and rooms tax law because they do not operate the hotel rooms. *Priceline.com*,

28   172 N.H. at 34-38. None of these cases undermine the authority cited above directly on point

4

United States District Court
Northern District of California

1   addressing the correct statute and considering Uber's business.

2        The United States has alleged that Uber has sufficient control over the transportation

3   system so as to primarily engage in the business of transporting people under 42. U.S.C. §

4   12184(a).  Therefore, the Court denies Uber's motion to dismiss on this basis.

5        **2.    Pattern or Practice.**

6        Next, Uber argues that the United States fails to sufficiently allege a pattern or practice of

7   discrimination by Uber.  To allege a pattern or practice of discrimination, the United States must

8   allege facts that, if true, would show "more than the mere occurrence of isolated or 'accidental' or

9   sporadic discriminatory acts." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336 (1977).

10  Instead, the United States must allege that "discrimination was the company's standard operating

11  procedure – the regular rather than the unusual practice." *Id.*; *see, e.g. United States v. AMC Ent.,*

12  *Inc.*, 245 F. Supp. 2d 1094, 1100 (C.D. Cal. 2003) (applying this standard to demonstrating pattern

13  or practice under Title III of the ADA).  "While Defendants' misconduct must be more than

14  isolated to rise to the level of an actionable pattern or practice, there is no threshold number of

15  incidents that must occur before the Government may initiate litigation." *United States v. Garden*

16  *Homes Mgmt., Corp.*, 156 F. Supp. 2d 413, 420 (D.N.J. 2001) (citing *United States v. Bob*

17  *Lawrence Realty, Inc.*, 474 F.2d 115, 123-24 (5th Cir. 1973)).  Instead, whether there is a pattern

18  or practice of discrimination is a question of fact based on the circumstances of each case.  *Id*.

19  (citing *Bob Lawrence Realty*, 474. F.2d at 124).

20       The United States cites to several cases to demonstrate its allegations are sufficient.  *See*

21  *United States v. Prashad*, 437 F. Supp. 3d 105, 106, 108-09 (D. Mass. 2020) (finding that

22  allegations of discrimination by five female tenants and one female guest among an unspecified

23  number of tenants from several residential properties was sufficient to allege a pattern or practice);

24  *U.S. E.E.O.C. v. Glob. Horizons, Inc.*, 904 F. Supp. 2d 1074, 1081, 1085 (D. Haw. 2012)

25  (allegations of seven individuals that discrimination occurred at an unspecified number of farms

26  owned by seven different companies was sufficient to allege a pattern or practice); *United States v.*

27  *Nobel Learning Communities, Inc.*, 676 F. Supp. 2d 379, 381, 384 (E.D. Pa. 2009) (twelve

28  instances of alleged discrimination was sufficient to raise an inference of a pattern or practice

United States District Court
Northern District of California

1    throughout all of defendant's at least fifteen schools); *Garden Homes Mgmt.*, 156 F. Supp. 2d at

2    416-18, 421 (alleging five instances of discrimination at three housing complexes with a combined

3    458 apartments was sufficient to allege a pattern or practice).

4    　　　Uber, in turn, argues that the United States' allegations of discrimination are no more than

5    isolated or sporadic incidents, insufficient to show a pattern or practice among Uber's large

6    number of drivers nationwide.  *See United States v. Fitness Int'l, LLC*, 2025 WL 2093424, at *3

7    (C.D. Cal. June 6, 2025) (finding that one or two instances of discrimination from four individuals

8    at five locations when defendant has hundreds of locations nationwide was insufficient to evince a

9    nationwide pattern or practice).

10    　　　Here, the United States alleges multiple instances of discrimination suffered by seventeen

11    individuals from Uber drivers and their problems with Uber's treatment of that discrimination.

12    (Dkt. No. 1.)  Whether Uber does, in fact, discriminate, is a factual question, not appropriate to

13    resolve on a motion to dismiss.  On a motion to dismiss, the Court merely must find that the

14    United States' allegations sufficiently raise an inference of a pattern or practice of discrimination.

15    Upon review of the Complaint, the Court finds that the United States does so.  Accordingly, the

16    Court denies Uber's motion to dismiss on this ground.

17    　　　**3.    An Issue of General Public Importance.**

18    　　　Uber also argues that the United States' alternative basis for its claims, that Uber is liable

19    for discrimination under the ADA "and such discrimination raises an issue of general public

20    importance" under § 12188(b)(1)(B)(ii), is insufficiently pled.  As Uber concedes, the United

21    States' "determination of general public importance cannot be reviewed".  (Dkt. No. 17 at p. 22

22    (citing *Fitness Int'l*, 2025 WL 2093424, at *6).)  Nevertheless, Uber argues that the United States

23    has not plausibly alleged a violation under § 12188(b)(1)(B)(ii) because the United States failed to

24    allege a pattern or practice of discrimination.  As discussed above, the Court rejects that argument.

25    Uber also argues that the United States cannot be held vicariously liable for the alleged acts of its

26    drivers because there are no allegations that the drivers' conduct was within the scope of any

27    agency or employment.  Upon review of the allegations in the Complaint, the Court finds that the

28    United States both alleges sufficient instances of Uber's practices and participation in the

1    discrimination and alleges sufficient facts that, if true, show that Uber maintains sufficient control

2    over its drivers to support holding Uber vicariously liable for the drivers' conduct.  Accordingly,

3    the Court denies Uber's motion to dismiss on this ground as well.

**CONCLUSION**

5    For the foregoing reasons, the Court DENIES Defendant's motion to dismiss.  The Court

6    CONTINUES the initial Case Management Conference from March 9, 2026 to March 23, 2026.

7    By no later than March 16, 2026, the parties shall submit a revised joint case management

8    statement.  In that joint statement, the parties shall do their best to propose actual dates and not

9    state them as being calculated from other dates.

10    **IT IS SO ORDERED**.

11    Dated: March 5, 2026



SALLIE KIM
United States Magistrate Judge