Shawn Mendel
550 SE 6th Street
Hialeah, Florida 33010
Carpartners1@gmail.com
*Pro Se* Amicus Curiae

FILED
OCT 20 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**UBER TECHNOLOGIES, INC.**,<br><br>Defendant. | Case No. 3:25-cv-07731-SK<br><br>**MOTION FOR LEAVE** TO FILE BRIEF AMICUS CURIAE BY SHAWN MENDEL PRO SE IN OPPOSITION TO DEFENDANT'S UNPERMITTED INTERSTATE OPERATIONS<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom C – 15th Floor<br>HON. SALLIE KIM |

## MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE

Pursuant to the inherent authority of this Court and local rules governing *pro se* submissions, Shawn Mendel respectfully moves this Court for leave to file the attached Brief Amicus Curiae in opposition to Defendant Uber Technologies, Inc.'s unauthorized commercial interstate operations.

1. Amicus has unique operational expertise within the commercial transportation industry, spanning over 30 years as a traditional luxury fleet operator and a current driver operating within Defendant's digital network infrastructure.

2. Amicus has attempted to contact counsel for both Plaintiff and Defendant to secure written consent for the filing of this brief. Out of an abundance of caution and to ensure timely compliance with judicial timelines, Amicus submits this Motion for Leave simultaneously to bring irreplaceable structural insights regarding federal transportation laws before the Court.

3. The attached brief addresses critical questions of public safety, federal statutory preemption under 49 U.S.C. § 14501(d), and regulatory accountability that directly impact the resolution of the pending civil rights litigation. The insights contained within are non-duplicative and central to the public interest.

WHEREFORE, Proposed Amicus Curiae Shawn Mendel respectfully requests that this Court grant this motion and accept the accompanying Brief Amicus Curiae for filing and consideration.

Dated: October 12, 2026

Respectfully submitted,

Shawn Mendel, Pro Se

Shawn Mendel
550 SE 6th Street
Hialeah, Florida 33010
Ph. 305-360-6216
Carpartners1@gmail.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>PLAINTIFF,<br>V.<br><br>**UBER TECHNOLOGIES, INC.,**<br><br>DEFENDANT | Case No. 3:25-cv-07731-SK<br><br>**BRIEF AMICUS CURIAE BY SHAWN MENDEL *PRO SE* IN OPPOSITION TO DEFENDANT'S UNPERMITTED INTERSTATE OPERATIONS**<br><br>**Hearing Date: TBD**<br>**Time: TBD**<br>**Place: Courtroom C – 15th Floor**<br><br>**HON. SALLIE KIM** |

**BRIEF AMICUS CURIAE BY SHAWN MENDEL PRO SE IN OPPOSITION TO DEFENDANT'S UNPERMITTED INTERSTATE OPERATIONS IN SUPPORT OF THE CONSTITUTIONAL RULE OF LAW AND SAFE PASSENGER TRAVEL FOR <u>EVERYONE</u>**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**........................................**3**

- **I. IDENTITY AND INTEREST OF AMICUS CURIAE** ................**4**
- **II. INTRODUCTION** ..........................................**5**
- **III. ARGUMENT** ..............................................**6**
  - **A. PROCEDURAL STANDING:** AMICUS OFFERS A CRITICAL OPERATIONAL VIEWPOINT INEXTRICABLY INTERTWINED WITH THE CORE CIVIL RIGHTS LITIGATION ..............**6**
  - **B. THE DOCTRINAL PARADOX:** THE INDEPENDENT APPLICATION OF RES JUDICATA AND UNCLEAN HANDS..**7**
  - **C. STATUTORY ANALYSIS:** 49 U.S.C. § 14501(d) DOES NOT EMPOWER STATES TO IMMUNIZE UNPERMITTED INTERSTATE NETWORKS ....................................**7**
  - **D. THE ENDURING RELEVANCE OF *CALIFORNIA V. ZOOK*: DIGITAL MEDIUMS DO NOT ALTER OPERATIONAL MECHANICS** ...............................................**9**
  - **E. EVIDENTIARY GROUNDING:** JUDICIAL NOTICE OF PUBLIC SAFETY DATA AS CRITICAL STRUCTURAL CONTEXT ..............................................**10**
- **IV. CONCLUSION** ............................................**13**

# TABLE OF AUTHORITIES

## CASES


- *California v. Zook, 336 U.S. 725(1949)* ........................................ ***10, 12***
- *Interstate Commerce Commission v. Mr. B's Services, Limited, 934 F.2d 117 (7th Cir. 1991)* ........................................ ***9***


## *STATUTES (TITLE 49, UNITED STATES CODE)*


- *49 U.S.C.§13102(2)* ........................................ ***5***
- *49 U.S.C. §13102(14)* ........................................*5,* ***8***
- *49 U.S.C. § 13506(b)(2)* ........................................ ***9***
- *49 U.S.C. § 13901* ........................................ ***13***
- *49 U.S.C. § 13902* ........................................ ***5, 13***
- *49 U.S.C. § 13902(b)* ........................................ ***5***
- *49 U.S.C. § 13904* ........................................ ***5, 8, 13***
- *49 U.S.C. § 13904(b)* ........................................ ***5, 8***
- *49 U.S.C. § 13904(f)* ........................................ ***8***
- *49 U.S.C. § 14501(d)* ........................................ **5, 7, 11, 12, 13**


## *FEDERAL REGULATIONS*


- *49 C.F.R. § 372.101* ........................................ ***9***
- *49 C.F.R. § 376* ........................................***9***


## *OTHER LEGISLATIVE & ADMINISTRATIVE AUTHORITIES*


- *IN RE: Uber Technologies, Inc., Passenger Sexual Assault Litigation, MDL No. 3084* ........................................ ***10***
- *U.S. Department of Justice, Uber ADA Settlement Agreement (July 18, 2022)* ........................................ *7*

## I. IDENTITY AND INTEREST OF AMICUS CURIAE

Amicus SHAWN MENDEL submits this brief to provide this Court with an irreplaceable operational and regulatory perspective rooted in more than 30 years of professional commercial transportation experience. Amicus is a veteran commercial driver, a former operator of a traditional Black Car executive transportation company managing a fleet of 33 vehicles, and a current driver utilizing the Defendant's software platform.

Throughout decades of fleet management, Amicus strictly complied with the rigorous demands of federal, state, and local regulatory schemes. This dual background as a law-abiding traditional fleet operator and a modern digital network participant allows Amicus to illustrate an essential truth overlooked by the primary litigants: civil rights and anti-discrimination enforcement actions cannot be evaluated in a structural vacuum that ignores a defendant's systemic avoidance of federal transportation licensing and operating statutes.

Amicus is entirely independent, supports neither party, and has received no compensation from any entity associated with this matter.

## II. INTRODUCTION

Amicus will show as a matter of fact and law before this Court that Defendant Uber is operating as a motor carrier and broker of passenger transportation under federal law definitions. (SEE: 49 U.S.C. 13902(2) and 13902(14).

Uber is operating unlawfully because Uber does not, and has never complied, (See: SAFER FMCSA website) with mandatory federal transportation laws by securing motor carrier and passenger broker authority. See: 49 U.S.C. § 14501(d), 49 U.S.C. § 13902, 49 U.S.C. § 13904.

Defendant Uber relies on a legal fiction: that it is merely a localized "technology company" insulated from federal passenger carrier and broker regulations by state-level Transportation Network Company (TNC) laws. This fiction has resulted in a massive regulatory vacuum with catastrophic public safety and discriminatory consequences. By operating outside the mandatory licensing, driver vetting, and safety oversight frameworks required of federal passenger motor carriers and brokers under Title 49, Defendant has prioritized rapid corporate scaling over passenger safety and universal accessibility.

The crisis here is not an anomaly; it is a structural byproduct of operating an illegal, unpermitted interstate transit network.

## III. ARGUMENT

**A. PROCEDURAL STANDING:** AMICUS OFFERS A CRITICAL OPERATIONAL VIEWPOINT INEXTRICABLY INTERTWINED WITH THE CORE CIVIL RIGHTS LITIGATION

Amicus does not seek to intervene as a formal party, assert a right to manage the litigation, or directly dictate the ultimate disposition of claims. Rather, Amicus provides this Court with an irreplaceable operational reality as a participant in both traditional and digital transit networks. Federal courts routinely welcome amicus briefs that bring distinct, specialized economic and regulatory data to light, particularly when a tech-labeled business model threatens to evade uniform public safety systems.

Furthermore, the Defendant's failure to comply with Title 49 motor carrier mandates is not an isolated regulatory issue; it is inextricably intertwined with the disability discrimination claims brought by the Plaintiff. By operating outside the Department of Transportation (DOT) and Federal Motor Carrier Safety Administration (FMCSA) oversight frameworks, Defendant has systematically bypassed the structural accessibility mandates, specialized driver training, and vehicle compliance audits that Congress built into the federal transportation system to protect and accommodate disabled passengers.

**B. THE DOCTRINAL PARADOX:** THE INDEPENDENT APPLICATION OF RES JUDICATA AND UNCLEAN HANDS

Amicus clarifies that the doctrines of *res judicata* and Unclean Hands operate independently but harmoniously within this brief. While the Department of Justice must be bound by the preclusive scope of its previous valid July 18, 2022, settlement[1] to preserve judicial economy, Defendant Uber cannot simultaneously appeal to this Court's equity to sanction a new settlement or dismiss ongoing claims while its foundational business operations continue to actively violate federal interstate transit laws.

Because Uber operates outside the required federal licensing authorities, it stands before this Court with unclean hands. A corporation cannot claim standard industry exemptions or ask equity to balance its burdens when its foundational business model operates in circumvention of Title 49's regulatory architecture.

**C. STATUTORY ANALYSIS:** 49 U.S.C. § 14501(d) DOES NOT EMPOWER STATES TO IMMUNIZE UNPERMITTED INTERSTATE NETWORKS

---

[1] *U.S. Department of Justice, Uber ADA Settlement Agreement (July 18, 2022)*

While 49 U.S.C. § 14501(d) leaves space for localized, intrastate regulation of prearranged ground transportation, it does not grant states the extraterritorial authority to immunize a multi-billion-dollar interstate transit network from federal oversight. When an app-based broker coordinates tens of thousands of cross-border trips daily, processing more than 14,000,000 total trips a day, it enters the stream of interstate commerce. Local trips within the same State that exceed 70 miles ARE INTERSTATE commerce. See: *Interstate Commerce Commission v. Mr. B's Services, Limited, 934 F.2d 117 (7th Cir. 1991)*

This makes state-level TNC labels subordinate to federal licensing requirements under the Supremacy Clause.

Under federal transportation law, a "motor carrier" is defined as a person providing motor vehicle transportation for compensation (49 U.S.C. § 13102(14)). Uber meets every operational hallmark of an interstate motor carrier: it controls passenger fares, dictates driver routes, processes payments, enforces vehicle requirements, and dispatches vehicles seamlessly across state lines.

Even if Uber were evaluated strictly as a broker under 49 U.S.C. § 13904(f), it fails to comply with the federal financial, bond, and safety standards explicitly enacted by Congress to shield passengers and drivers from harm. Verification of this fact is found on the FMCSA official government "SAFER" website, clearly showing

Uber has no motor carrier or broker authority and zero federally compliant insurance.

**D. THE ENDURING RELEVANCE OF *CALIFORNIA V. ZOOK*:** DIGITAL MEDIUMS DO NOT ALTER OPERATIONAL MECHANICS

Defendant's anticipated objection that *California v. Zook*, 336 U.S. 725 (1949) is obsolete because it predates smartphone applications mistakes the medium for the operational mechanism. *Zook* stands for the enduring constitutional principle that arranging commercial passenger transit in unpermitted private vehicles across public highways creates a public hazard that States and the federal government may strictly police. See also: 49 CFR 376 Broker/Carrier must own rent or lease the vehicles used, Uber does not own or comply with this mandate of law.

Pursuant to law 49 U. S. C. 13506(b)(2) and the implementing regulation 49 C.F.R. § 372.101, the casual transportation exemption is entirely removed whenever such transportation is arranged by "any person who sells, offers for sale, provides, furnishes, contracts, or arranges for such transportation for compensation or as a regular occupation or business." The utilization of a digital algorithm instead of a physical travel bureau office does not alter the illegal statutory nature of unpermitted brokerage under Title 49.

**E. EVIDENTIARY GROUNDING: JUDICIAL NOTICE** OF PUBLIC SAFETY DATA AS CRITICAL STRUCTURAL CONTEXT

The public safety data, media articles, and unsealed metrics referenced herein are not presented to litigate independent, third-party tort claims, but to provide this Court with critical, judicially noticeable context regarding the real-world consequences of regulatory evasion.

Unsealed Uber corporate data and independent investigations reveal that Defendant's platform processed a report of sexual assault or misconduct approximately every eight (8) minutes over a five-year period, resulting in over 400,000 incidents nationwide. See: *IN RE: Uber Technologies, Inc., Passenger Sexual Assault Litigation* (MDL No. 3084). This data demonstrates that the statutory loophole exploited by Defendant is not a harmless technicality, but a structural defect resulting in a pervasive, nationwide crisis that directly impacts the traveling public and the broader public interest.

**F. STATE TNC LAWS AND 49 U. S. C. § 14501(d) DO NOT PERMIT EXTRATERRITORIAL IMMUNITY FOR AN INTERSTATE CRISIS.**

While 49 U.S.C. § 14501(d) preserves state authority over local "prearranged ground transportation," it was never a license for States to immunize an international corporation from federal safety standards when its operations cross into the stream of interstate commerce.

A localized state TNC license cannot legally or constitutionally authorize an entity to broker thousands of cross-border passenger movements daily, especially when those movements are plagued by systemic violence. When a platform's interstate operations reach this level of pervasive harm, federal preemption dictates that State laws cannot shield the entity from federal licensing requirements and enforcement of the law. [See Supremacy Clause and Dormant Commerce Clause]

**THE US SUPREME COURT HAS RULED:**

California v. Zook, 336 U. S. 725 (1949) is a significant Supreme Court case with key implications here.

**Conviction Details** — Zook and his associates were convicted for operating a travel bureau that arranged transportation across state lines without proper permits.

- **State Authority** — The ruling emphasized that states can regulate activities affecting interstate commerce as long as they do not conflict with federal laws.
- The question to be determined, by a judgment upon the particular case, is whether the state law conflicts with national policy and whether Congress intended to make its jurisdiction exclusive. Pp. 336 U. S. 728-731.

The law 49 U. S. C. 14501 is clear, Congress declared federal authority over **INTRASTATE** transportation affecting INTERSTATE commerce and the State TNC laws are interfering with and in conflict with the Congressional scheme.

Congress spelled out its scheme under 49 U. S. C. 14501(d) for prearranged passenger transportation. Congress ***specifically*** barred the States from interfering with the congressional passenger transportation scheme, and provided specific exemptions where State participation for safety would be allowed. The Supremacy of federal law should be respected and enforced for the safety of the American traveling public.

## IV. CONCLUSION

For the foregoing reasons, Amicus respectfully requests that this Court:

1. **Reject** Defendant's classification as a mere technology platform, find that its regular interstate passenger operations constitute an unpermitted federal brokerage and motor carriage in violation of 49 U.S.C. §§ 14501(d), 13901, 13902, and 13904.
2. **Apply** the doctrine of Unclean Hands to deny Defendant any court-sanctioned relief or settlement that permits continued evasion of federal safety and accessibility compliance.
3. **Grant** such other and further relief for safe passenger travel and prevention of discrimination as the Court deems just.

Dated: October 12, 2026

Respectfully submitted,

Shawn Mendel, *Pro Se*
550 SE 6th Street
Hialeah, Florida 33010

Shawn Mendel
550 SE 6th Street
Hialeah, Florida 33010
Ph. 305-360-6216
Carpartners1@gmail.com
*Pro Se* Amicus Curiae

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**UBER TECHNOLOGIES, INC.,**<br><br>Defendant. | Case No. 3:25-cv-07731-SK<br><br>[PROPOSED] ORDER GRANTING SHAWN MENDEL'S MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE *PRO SE*<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom C – 15th Floor<br>HON. SALLIE KIM |

Before the Court is the Motion for Leave to File a Brief Amicus Curiae submitted by Shawn Mendel, *Pro Se*. Having considered the Motion, the proposed Brief Amicus Curiae, and any opposition or responses filed thereto, and finding good cause:

IT IS HEREBY ORDERED that the Motion for Leave to File a Brief Amicus Curiae is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall accept for filing and enter onto the official docket of this matter the Brief Amicus Curiae of Shawn Mendel in Opposition to Defendant's Unpermitted Interstate Operations, which was attached to the Motion.

IT IS SO ORDERED.

Dated: ____________________, 2026

________________________________________

HON. SALLIE KIM

United States Magistrate Judge

Shawn Mendel
550 SE 6th Street
Hialeah, Florida 33010
Carpartners1@gmail.com
Pro Se Amicus Curiae

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff,<br>v.<br>**UBER TECHNOLOGIES, INC**<br>Defendant. | **Case No. 3:25-cv-07731-SK**<br>**PROOF OF SERVICE** |

I, Shawn Mendel, declare under penalty of perjury that I am over the age of 18 and a resident of the State of Florida. My business/home address is 550 SE 6th Street, Hialeah, Florida 33010.

On October 14, 2026, I served the attached

1. BRIEF AMICUS CURIAE IN OPPOSITION TO DEFENDANT'S UNPERMITTED INTERSTATE OPERATIONS
2. MOTION FOR LEAVE TO FILE AMICUS BRIEF

3. PROOF OF SERVICE

on the parties in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States mail at Hialeah, Florida, addressed as follows:

**For Plaintiff United States of America** (Washington DC HQ Counsel):

U.S. Department of Justice, Disability Rights Section
**ATTENTION:**
**David W. Knight / Jane Elizabeth Andersen**
950 Pennsylvania Ave NW
Washington, DC 20530

**For Plaintiff United States of America** (Local California Docket Counsel):

Office of the United States Attorney - Northern District of California
Department of Justice, Disability Rights Section

**Attn: Savith Iyengar, AUSA**

1301 Clay Street, Suite 340S
Oakland, CA 94612

**For Defendant Uber Technologies, Inc.** (Defense Counsel of Record):

Wilmer Cutler Pickering Hale and Dorr LLP

**Attn: Alan Schoenfeld / Jamie Yood**

2100 Pennsylvania Ave., N.W.
Washington, DC 20037

Wilmer Cutler Pickering Hale and Dorr LLP
**ATTN: Nitisha Baronia**
50 California St.
San Francisco, CA 94111

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2026, at Hialeah, Florida.

______________________________

Shawn Mendel, Pro Se